UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL H. HAWKINS,
Individually, et al.,

        Plaintiffs,

vs.

CHARLES FUST, Individually;
STACEY MALONEY FUST,
Individually; ROBERT DUPONT,
Individually; RUSSELL R. LEE III,
Individually; RANDOLPH H.
FIELDS, Individually, and GREENBERG
TRAURIG P.A., a Florida Professional
Association,

        Defendants,

and

SINOFRESH HEALTHCARE, INC.,
a Florida corporation,

        Nominal Defendant.

_____/

CASE NO. 04-CV-490-T-30MSS

**ORDER REINSTATING SINOFRESH AS A PARTY,
DIRECTING NOTICE TO BE GIVEN AND SETTING
<u>DATE UPON WHICH SETTLEMENT SHALL BE CONSIDERED</u>**

The above captioned action (the "Action") having been commenced by named Plaintiffs

derivatively on behalf of SinoFresh HealthCare, Inc. ("SinoFresh"), and the parties having entered

into a Settlement Agreement dated December 7, 2005 for the settlement of the Action and a related

"Fee Agreement", (both of which are together referred to as the "Settlement"), and the parties having

filed a Joint Motion for Approval of Settlement and Dismissal of the Case With Prejudice (the

"Motion") upon the terms and conditions set forth in those documents,

Now upon the consent of the parties, and after consideration of the Settlement Agreement and the Fee Agreement, it is ORDERED AND ADJUDGED as follows:

1.      SinoFresh HealthCare, Inc. is reinstated as a party in this action.

2.      A notice to shareholders in the form attached hereto as Exhibit 1 is approved by the Court.  The Notice shall be mailed by SinoFresh by U.S. mail, postage prepaid, no later than fifteen business days from the date of this order, to all shareholders of SinoFresh as shown on the stock records maintained by or on behalf of SinoFresh as of the date of this Order.  Additional copies of the Notice shall be made available to any record holder requesting the same for the purpose of distribution to beneficial owners.

3.      The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice of the Settlement to all persons who may be entitled to receive such notice.

4.      The Court shall take the Motion under advisement thirty days after the date of this Order (the "Hearing Date").  At that time, the Court will consider the fairness and reasonableness of the terms and conditions of the Settlement and whether it should be approved and judgment entered thereon.

5.      Any shareholder who objects to the Settlement, or who otherwise wishes to be heard, may file such objection with the Court, including evidence or argument that may be proper and relevant, on or prior to the Hearing Date.  If any objections are filed with the Court, responses of the parties hereto to such objections shall be filed within five business days after the Hearing Date, and the Court will not take the Motion under advisement until such five business day period has expired.

Copies of any objections shall be served via U.S. mail upon counsel of record for the parties as follows:

David B. Haber, P.A.
One S.E. Third Avenue, Suite 1820
Miami, Florida 33131
Telephone:  (305) 379-2400
Facsimile:  (305) 379-1106

Counsel for Named Plaintiffs

Alfred J. Bennington, Jr., Esq.
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
Post Office Box 4956
Orlando, Florida 32802-4956
Telephone:  (407) 423-3200
Facsimile:  (407) 425-8316

Counsel for SinoFresh HealthCare, Inc.

Darryl Bloodworth, Esquire
Dean, Mead, Egerton, Bloodworth, Capouano
  & Bozarth, P.A.
800 N. Magnolia, Suite 1500
Post Office Box 2346
Orlando, Florida 32802-2346
Telephone:  (407) 841-1200
Facsimile:  (407) 423-1831

Counsel for Greenberg Traurig, P.A. and Randolph Fields

6.      Unless the Court otherwise directs, no shareholder shall be entitled to object to the approval of the Settlement or to the dismissal of this case with prejudice, except by serving and filing his, her or its written objection and any supporting papers and documents as described in paragraph 5 above.  Any shareholder who fails to object in the manner prescribed in paragraph 5 shall be deemed to have waived his, her or its objection and shall be forever barred from raising such objection in this or any other action or proceeding.

7.    Pending final determination of the approval of the Settlement, plaintiffs, other shareholders of SinoFresh, SinoFresh, or any of them, shall not commence or prosecute any action asserting claims on behalf of SinoFresh against any defendant herein which have been or could have been asserted in the Corrected Second Amended Complaint in this Action.

8.    If the Settlement is approved by the Court, the action shall be dismissed with prejudice as described in the Notice.

9.    If the Settlement is not approved by the Court or shall not become final for any reason whatsoever, the Action shall proceed without prejudice to any party as a matter of law or fact, as if the Settlement had not been made and had not been submitted to the Court.

**DONE** and **ORDERED** in Tampa, Florida on December 29, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Attachment:
Exhibit "1" - Shareholders Notice

Copies furnished to:
All Counsel/Parties of Record

S:\Even\2004\04-cv-490.reinstate and notice.wpd