UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL H. HAWKINS,
Individually, et al.,

       Plaintiffs,                        CASE NO. 04-CV-490-T-30MSS

vs.

CHARLES FUST, Individually;
STACEY MALONEY FUST,
Individually; ROBERT DUPONT,
Individually; RUSSELL R. LEE III,
Individually; RANDOLPH H.
FIELDS, Individually, and GREENBERG
TRAURIG P.A., a Florida Professional
Association,

       Defendants,
and

SINOFRESH HEALTHCARE, INC.,
a Florida corporation,

       Nominal Defendant.
_____/

## ORDER APPROVING SETTLEMENT AND
## FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

THIS MATTER, having come before the Court on the joint motion of the parties for approval of the Settlement Agreement and related Fee Agreement (together, the "Settlement") and pursuant to the Court's Order Reinstating SinoFresh as A Party, Directing Notice to be Given and Setting Date Upon Which Settlement Shall be Considered (the "Notice Order"), in the above captioned case, and it appearing that due notice of the Settlement and date of consideration thereof was given in accordance with the Notice Order to the shareholders of SinoFresh; and the respective parties having consented to said motion; and an opportunity to be heard having been given to all

other persons desiring to be heard or to object to the proposed Settlement; and the proposed Settlement having been considered by the Court, it is

ORDERED AND ADJUDGED as follows:

1. On or before January 19, 2006, the Notice of Settlement was sent to all persons shown on the stock records maintained by or on behalf of SinoFresh to be shareholders of SinoFresh as of the date of the Notice Order.

2. Plaintiffs and their counsel are adequate representatives to pursue this Action derivatively on behalf of the Company pursuant to Fla. Stat. § 607.07401.

3. Pursuant to Fla. Stat. § 607.07401(4) and Fed. R. Civ. P. 23.1, the Settlement Agreement between and among the parties attached to the Motion is approved. The Court hereby approves and adjudges the terms and conditions of the Settlement Agreement to be fair and reasonable. The parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

4. This Derivative Action and all derivative claims of any kind that Sinofresh, any shareholder of Sinofresh, or any plaintiff named herein ever had, now have or hereafter can, shall or may have, by reason of or arising out of or relating to any of the acts, transaction, action or conduct, lack of conduct, actual or purported, that were alleged or that could have been alleged in the Action, including without limitation the claims of legal malpractice, are dismissed on the merits with prejudice with respect to the Law Firm Defendants and Individual Defendants, and with respect to each and every of their officers, directors, employees and each of the agents, heirs, administrators, executors and assigns of any of the foregoing, all as described more fully in the Settlement. In addition, plaintiffs named herein, other shareholders of SinoFresh, SinoFresh, or any of the them will be permanently barred and enjoined from instituting or prosecuting any action against the

named defendants which assert claims which have been or could have been asserted in the Action, all as described more fully in the Settlement.

5. The Court also approves the agreement between David M. Haber P.A., as Counsel for the Named Plaintiffs and SinoFresh (the "Fee Agreement"). The Court further orders that the payment and/or delivery of stock and stock options, as set forth in the Fee Agreement, shall be made to David M. Haber, P.A. and that the Settlement Agreement and the Fee Agreement fully satisfy and extinguish any claims of Named Plaintiffs and the Absent Named Plaintiffs (as defined in the Settlement Agreement), or their counsel, under Fla. Stat. § 607.07401(6).

6. Based on the stipulations of the parties as contained in the Settlement Agreement, judgment is hereby entered dismissing the Action with prejudice.

7. The Clerk is directed to terminate any pending motions and CLOSE this file.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2004\04-cv-490.Order Approving Settlement FJ.wpd